# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2021

Lyle W. Cayce
Clerk

No. 21-40019

United States of America,

*Plaintiff—Appellee*,

*versus*

Juventino Castro, Jr.

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-673-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Juventino Castro, Jr., appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he argues that the district court abused its discretion because it found that Castro's fear of COVID-19 reinfection, in light of his prior recovery from

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40019

COVID-19, was not an extraordinary and compelling ground for compassionate release under § 3582(c)(1)(A)(i).

We review a district court's decision to deny a prisoner's § 3582(c)(1)(A)(i) motion for compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).

Here, the district court denied Castro's motion based on an independent assessment of the § 3553(a) factors, and we affirm on that basis. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693–94. Accordingly, we need not consider the district court's separate reasoning that Castro's prior recovery from COVID-19 weighed against his release.

The district court's order is AFFIRMED.